# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SMITH, | CASE NO. 1:12-cv-01222-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JEFFREY WANG, M.D., et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I.  Screening Requirement and Standard

Plaintiff Joseph Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2012.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, who is incarcerated at California State Prison-Corcoran, brings this action against Doctors Jeffery Wang, J. K. Yu, and Young Paik for violating his rights under the Eighth Amendment of the United States Constitution.

On January 26, 2011, Defendant Paik performed knee replacement surgery on Plaintiff at Mercy Hospital in Bakersfield and prescribed pain medication for Plaintiff. (Comp., Ex. 4.) A day or so later, Plaintiff's leg began to swell and he experienced excruciating knee and leg pain. Plaintiff's pain continued to increase until the pain medication he was taking was ineffective, and at the peak of Plaintiff's pain, the medication was discontinued. Plaintiff submitted a request to see the facility doctor, who was Defendant Wang at that time, and a request for a pain medication renewal.

///

1    On February 16, 2011, Plaintiff was called to the clinic to see a nurse, who screened him and notified Defendant Wang.  However, Defendant Wang refused to see Plaintiff, to either evaluate his knee or renew his pain medication.

   Plaintiff filed an inmate appeal on February 19, 2011, and on April 13, 2011, he was evaluated by a nurse as a result of his appeal.  Plaintiff's pain medication was renewed through May 20, 2011, and he was referred to the orthopedic surgeon for evaluation.

   On May 25, 2011, Plaintiff filed another appeal because his pain medication prescription expired.  Plaintiff was eventually given "very spare pain medication" and told he would be scheduled to see the orthopedic surgeon, but no further action was taken and he was denied adequate pain relief by Defendants Wang and Yu, who knew he was in debilitating knee and leg pain but left him to suffer.

   On September 12, 2011, Plaintiff was seen by Defendant Paik, who had performed the knee surgery.  Defendant Paik reported that Plaintiff had "arthrofibrosis to some degree, but had range of motion with almost full flexion and extension during surgery."  (Ex. 5.)  Defendant Paik stated in his report that if Plaintiff continued to lose functional mobility, Plaintiff might consider revision arthroplasty.  (Id.)

   On March 21, 2012, Plaintiff underwent another right knee surgery for severe arthrofibrosis.  Plaintiff alleges that he still suffers from pain and lack of right leg mobility.

   **B.    Eighth Amendment Medical Care Claims**

   **1.    Legal Standard**

   The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

///

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas, 611 at 1151-52; Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"To establish . . . [a] violation, a plaintiff must satisfy both an objective standard - that the deprivation was serious enough to constitute cruel and unusual punishment - and a subjective standard - deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). For claims arising out of medical care in prison, Plaintiff must first show the existence of an objectively serious medical need, and then show deliberate indifference to that need. Snow, 681 F.3d at 985; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

### 2. Defendant Paik

Assuming without deciding that Defendant Paik, a private physician, was acting under color of state law by virtue of a contract with the state, West v. Atkins, 487 U.S. 42, 54, 108 S.Ct. 2250 (1988), Plaintiff's complaint is devoid of any facts which support an Eighth Amendment claim against him, Farmer, 511 U.S. at 837.

Defendant Paik's involvement was limited to performing the initial knee replacement surgery, consulting with Plaintiff, and performing the follow-up operation on Plaintiff's knee. The record provides no support for a claim that Defendant Paik was deliberately indifferent to Plaintiff's medical needs. Indeed, even if Defendant had somehow botched the initial surgery, which has *not* been shown, liability would not lie under section 1983, as even "medical malpractice does not necessarily violate the Eighth Amendment." Snow, 681 F.3d at 987-88 (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)).

///

### 3. Defendants Wang and Yu

A mere disagreement between Plaintiff and his treating physicians regarding the appropriate medication and dosage will not support a claim under section 1983. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122. While Plaintiff alleges that he was deprived of adequate pain medication, leaving him to suffer, his exhibits contradict that allegation and show he was provided with pain medication, including but not limited to morphine. (Ex. 7.) As a result, Plaintiff's complaint evidences only a disagreement with the course of treatment prescribed, which is insufficient to state a claim for relief under the Eighth Amendment against Defendants Wang and Yu.

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

| Dated: | **March 12, 2013** | /s/ Sheila K. Oberto |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |