1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SMITH, | Case No. 1:12-cv-01222-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| JEFFREY WANG, M.D., et al., | |
| Defendants. | |
| _____/ | (Doc. 12) |

### Second Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Joseph Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2012.  On March 13, 2013, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on April 18, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

1  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

2  state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

7  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

8  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

9  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual

10 allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

11     Under section 1983, Plaintiff must demonstrate that each defendant personally participated

12 in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This

13 requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*,

14 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners

15 proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

16 to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

17 (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

18 plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

19 **II.    Discussion**

20     Plaintiff, who was incarcerated at California State Prison-Corcoran during the events at

21 issue, brings this action against Dr. Jeffrey Wang, Dr. Yu, and Dr. Paik for violating his Eighth

22 Amendment right to medical care.[1] Plaintiff had knee replacement surgery on January 26, 2011,

23 and his claims arise from the alleged lack of appropriate medical care following his surgery.

24     The allegations in Plaintiff's amended complaint mirror those set forth in his original

25 complaint. The two exceptions are the omission of the exhibits supporting the original complaint,

26 and the inclusion of an additional statement of the basis for Plaintiff's claim against each

27 defendant. (Doc. 12, Amend. Comp., pp. 7-8.) The omission of the exhibits may have been

28

---

[1] Plaintiff filed a notice of change of address to High Desert State Prison on February 21, 2013.

1   inadvertent given that Plaintiff refers to them in his amended complaint, however, and regardless,

2   they are in the record and subject to judicial notice.  *United States v. Wilson*, 631 F.2d 118, 119

3   (9th Cir. 1980).

4       For the reasons which follow, the Court finds that Plaintiff's amended complaint fails to

5   state a claim under section 1983.

6       **A.**   **Defendant Paik**

7       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

8   care, the Eighth Amendment is violated only when a prison official acts with deliberate

9   indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.

10  2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091,

11  1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

12  failure to treat [his] condition could result in further significant injury or the unnecessary and

13  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

14  indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

15  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain

16  or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122

17  (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which

18  entails more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks

19  omitted); *Wilhelm*, 680 F.3d at 1122.

20      Defendant Paik is the surgeon who performed Plaintiff's knee replacement surgery at

21  Mercy Hospital in Bakersfield, California.[2]  Plaintiff's amended complaint is devoid of any facts

22  supporting a claim that Defendant Paik acted with deliberate indifference to Plaintiff's serious

23  medical needs.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096.

24  Plaintiff's dissatisfaction with the result of his knee surgery presents no basis for liability under

25  section 1983, and there is no factual support for Plaintiff's bald assertion that Defendant Paik

26  ―――――――――――――――――
    [2] Defendant Paik is not a prison employee, but for the purpose of this screening, the Court will assume he was acting
27  under color of state law by virtue of a contract with the state.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988);
    *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000
28  (2012).

1   conspired with prison medical staff to withhold proper medical treatment.  *Snow*, 681 F.3d 987-88;

2   *Wilhelm*, 680 F.3d at 1122-23.  (Amend. Comp., pp. 4, 6, 8.)

3   **B.    Defendants Wang and Yu**

4   Defendant Wang was the Chief Medical Officer and the Facility M.D. while Dr. Yu was

5   one of Plaintiff's primary care providers.  Plaintiff alleges that Defendants Wang and Yu failed to

6   provide him with proper medical care, including pain medication, but he fails to address the

7   deficiencies identified by the Court in its first screening order.  In particular, Plaintiff's exhibits

8   belie the claim that he was not provided with medical care or pain medication.   Given that

9   Plaintiff's mere disagreement with the course of treatment deemed appropriate by physicians will

10  not support a claim for relief and Plaintiff's exhibits contradict his claim that he was not provided

11  with medical care, Plaintiff bears the burden of alleging facts sufficient to demonstrate that

12  Defendants Wang and Yu knowingly disregarded a substantial risk of harm to his health and he

13  has not done so.  *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.  Although Plaintiff added

14  an explanatory statement regarding the bases of his claims against Defendants Wang and Yu,

15  Plaintiff's allegations remain general and do not indicate anything other than his dissatisfaction

16  with the course of treatment he was provided.[3,4]

17  **III.    Conclusion and Order**

18  Plaintiff's amended complaint, which is virtually identical to his original complaint, fails

19  to state a claim under section 1983 for violation of the Eighth Amendment.   Plaintiff was

20  previously given notice of the deficiencies and provided with an opportunity to amend, and further

21  leave to amend is not warranted based on the nature of the deficiencies.  *Akhtar v. Mesa*, 698 F.3d

22  1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v.*

23  *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

24  _____

25  [3] Of specific concern is Plaintiff's failure to set forth any specific facts which might explain the discrepancies between Plaintiff's exhibits and his allegations.  Plaintiff may not proceed based on general allegations regarding the denial of medical care when his exhibits demonstrate he received medical care.  That Plaintiff may have been dissatisfied or

26  that Plaintiff may have disagreed with his doctors falls well short of supporting a claim for violation of the Eighth Amendment.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.

27

28  [4] Defendant Wang's decision not to refer Plaintiff to another physician when requested to do so by two other doctors, without more, does not suffice to support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

With respect to Plaintiff's bare allegation that he was transferred to High Desert State Prison in retaliation for filing "legal paperwork," Amend. Comp., p. 3, Plaintiff was specifically placed on notice, in clear and plain language, of the requirements for stating a claim under section 1983, *Noll*, 809 F.2d at 1448-49.  The inclusion of this bald accusation, for which there is *no* factual support whatsoever, does not require Plaintiff be provided with a third bite at the apple with respect to curing pleading deficiencies.  *Id.*

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, based on Plaintiff's failure to state claim under section 1983 against Defendants Paik, Wang, and Yu.   The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **December 16, 2013**                    **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

5